# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Darnell  Robinson** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number | **18-10770** | | |
| (If known) | | | |

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a)    This plan:    ☑ contains nonstandard provisions.  See paragraph 15 below.
                         ☐ does not contain nonstandard provisions.

    (b)    This plan:    ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
                         ☑ does not value claim(s) that secures collateral.

    (c)    This plan:    ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
                         ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a)    The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**900.00** for the applicable commitment period of:

        ☑ 60 months: **or**

        ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (b)    The payments under paragraph 2(a) shall be paid:

        ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

                ☐ Debtor 1 ____% ☐ Debtor 2 ____%

        ☑ Direct to the Trustee for the following reason(s):
                ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
                ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
                _____

    (c)    Additional Payments of $**0** (estimated amount) will be made on ____,____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

Debtor __Darnell Robinson__                                    Case number __18-10770__

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Ditech | 2nd Mortgage-3939 River Watch Parkway Real Estate | yes | Debtor July 1, 2018 | | $87.82 |
| Seterus, Inc. | Mortgage-3939 Riverwatch Parkway | yes | Debtor July 1, 2018 | | $856.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| Ditech | 2nd Mortgage-3939 River Watch Parkway | yes | 800.00 | 0.00% |
| Seterus, Inc. | Real Estate Mortgage-3939 Riverwatch Parkway | yes | 12,000.00 | 0.00% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a)   **Trustee's Fees.** Trustee percentage fee as set by the United States Trustee.

   (b)   **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $4,500.00.

   (c)   **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d)   **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Credit Acceptance | motor vehicle | 5,996.00 | 5.50% | 100 |
| Lendmark Financial Services | motorcycle | 10,406.00 | 5.50% | 150 |

   (e)   **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (f)   **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | Darnell Robinson | | Case number | **18-10770** |

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- |
| -NONE- | | | | |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at ____% per annum; **or** ☐ without interest:

**None**

(h)` **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **100.00**% dividend or a pro rata share of $**12,487.65**, whichever is greater.

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
| --- | --- | --- | --- | --- |
| -NONE- | | | | |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
| --- | --- |
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
| --- | --- |
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
| --- | --- |
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
| --- | --- | --- |
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
| --- | --- | --- |
| Exeter Finance Corp | motor vehicle | Debtor's 1/2 interest in full satisfaction of debt |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

GASB - Form 113 December 1, 2017

Debtor     __Darnell Robinson__                                     Case number     __18-10770__

12.     **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes,after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.     **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14.     **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.     **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Exeter Finance Corp to be paid outside of bankruptcy directly by Co-debtor as Debtor is surrendering his interest in the motor vehicle per paragraph 9.   All Student loans to be paid outside of bankruptcy by Debtor if required as Debtor is 100 percent disabled and is currently filing applications to have the student loans forgiven.  Allowed general unsecured claims to receive 5.5% interest.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:   __June 1, 2018__                                 __/s/ Darnell Robinson__
                                                          **Darnell Robinson**
                                                                          *Debtor 1*


                                                          _____
                                                                          *Debtor 2*

                                                          __/s/ Joseph E. Spires__
                                                          **Joseph E. Spires**
                                                                    *Attorney for the Debtor(s)*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

IN RE: )
)
Darnell Robinson, ) Chapter 13
  Debtor. ) Case No.: 18-10770 SDB
)

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that I have this day served upon the following parties a copy of the foregoing Chapter 13 plan by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:

Denoted with a * on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:

Denoted with a ** on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following creditors in the manner proscribed by Rule 7004, as the Chapter 13 plan proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:

Denoted with a *** on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon an officer of the following insured depository institutions, via Certified Mail :

Denoted with a **** on attached Exhibit A.

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:

Chapter 13 Trustee
U.S. Trustee

Dated: _____June       /_____, 2018

Joseph E. Spires
Bar No. 672271

Ward and Spires, LLC
PO Box 1493
Augusta, Georgia 30903
(706) 724-2640
Wardspires@aol.com

Label Matrix for local noticing
113J-1
Case 18-10770-SDB
Southern District of Georgia
Augusta
Fri Jun  1 15:52:05 EDT 2018

Candace Robinson
886 Oak Acres Drive
California MD 20619

Candance Robison
886 Oak Acres Drive
California MD 20619

Credit Acceptance
25505 West 12 Mile Rd
Suite 3000
Southfield MI 48034-8331

Candance Robinson
886 Oak Acres Drive
California MD 20619

Darnell Robinson
3939 River Watch Parkway
Martinez GA 30907-2711

Ditech
Attn: Bankruptcy
Po Box 6172
Rapid City SD 57709-6172

Exeter Finance Corp
Po Box 166008
Irving TX 75016-6008

Georgia Bank & Trust
Attn: Loan Dept
PO Box 15367
Augusta GA 30919-5367

I C System Inc
444 Highway 96 East
P.O. Box 64378
St. Paul MN 55164-0378

Joseph E. Spires
Ward and Spires, LLC
PO Box 1493
Augusta, GA 30903-1493

Lanier Collection Agency
Attn: Bankruptcy
18 Park Of Commerce Blvd
Savannah GA 31405-7410

Huon Le
P.O. Box 2127
Augusta, GA 30903-2127

Lendmark Financial Services
1735 North Brown Road
Suite 300
Lawrenceville GA 30043-8228

(p)CREDITORS BANKRUPTCY SERVICE
PO BOX 800849
DALLAS TX 75380-0849

Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401-2638

Santander Consumer USA
Po Box 961245
Ft Worth TX 76161-0244

Seterus, Inc.
Attn: Bankruptcy
Po Box 1077
Hartford CT 06143-1077

South State Bk  Dep
PO Box 118068
Charleston SC 29423-8068

U.S. Department of Education
Ecmc/Bankruptcy
Po Box 16408
Saint Paul MN 55116-0408

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Military Star/AAFES
Attention: Bankruptcy
Po Box 650060
Dallas TX 75265

Exhibit A

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.